12264

BURCH v. MULDROW

(139 S. E., 208)

1. MAGISTRATES—ATTEMPT TO MAKE IT APPEAR THAT TITLE TO REAL PROPERTY SHALL COME IN QUESTION DOES NOT DEPRIVE MAGISTRATE OF JURISDICTION TO DETERMINE WHETHER RELATION OF LANDLORD AND TENANT EXISTS.—Even where an attempt is made to make it appear that the title to real property will come in question in ejectment proceedings before a magistrate, the magistrate is not deprived of jurisdiction to inquire into and determine whether or not the relation of landlord and tenant exists, and to issue his writ if, on inquiry, he finds that such relation does exist, and tenant has failed to pay rent, or has held over after expiration of rent contract.

2. MAGISTRATES—CLAIM TITLE TO REALTY WAS INVOLVED HELD NOT SUFFICIENT TO DEPRIVE MAGISTRATE OF JURISDICTION OF LANDLORD'S PROCEEDING.—In ejectment proceedings before magistrate, defendant's claim in his answer that question of title was involved *held* not to deprive magistrate of jurisdiction to determine whether relation of landlord and tenant in fact existed, or require dismissal of proceedings.

Before SHIPP, J., Florence.   Affirmed.

Proceedings in ejectment by S. T. Burch against J. A. Muldrow.   Judgment of magistrate for plaintiff was affirmed by the Circuit Court, and defendant appeals.

The following is the order of the Circuit Judge:

This case comes before me upon appeal by the defendant, J. A. Muldrow, from a judgment rendered in the Court of Magistrate W. M. Smith, and a writ of ejectment issued by the magistrate, directing the ejectment of the said J. A. Muldrow from the premises described in the order to show cause and in the writ. The appeal is on two general grounds. One of these grounds involves the question of the jurisdiction of the magistrate to try the case upon the coming in of the answer or return of the defendant, in which he attempted to take the position that the title to real property would come in question, and the other relates to the sufficiency of the evidence to support the magistrate's findings of fact.

It appears that a considerable tract of land, including that in dispute in this proceeding, was offered for sale by the master for Florence County under a decree of foreclosure, and that at the sale the defendant, J. A. Muldrow, became the highest and last bidder therefor. Finding that he could not comply, he assigned his bid to S. T. Burch, who complied therewith and took title in fee simple to himself. Muldrow paid Burch interest in advance for one year. An agreement with Muldrow, in writing, was made, under the terms of which Muldrow was to be entitled to a reconveyance of the property upon making certain specified payments at times stated in the agreement. About the time that the first installment of principal and an installment of interest fell due, Muldrow, being unable to meet these payments, abandoned his rights thereunder, and, according to the testimony, rented the dwelling house and premises immediately surrounding it from Burch. Burch took possession of the land, with the exception of the dwelling house and premises immediately surrounding it, and has continued in possession to the present time. Muldrow retained possession of the dwelling house and premises immediately surround-

ing it, under his agreement to pay Burch as rent therefor the
sum of $25 per month.

This being the situation, as disclosed by the testimony and
the findings of the magistrate, the defendant, Muldrow,
nevertheless, takes the position that, having claimed in his
answer that a question of title was involved, the magistrate
was deprived of jurisdiction and should have dismissed the
proceeding. Under the principles announced in the cases of
*Stewart-Jones Co. v. Shehan,* 127 S. C., 451; 121 S. E.,
374, and *Bamberg Banking Co. v. Matthews,* 132 S. C.,
130; 128 S. E., 718, it is settled that, even where an attempt
is made to make it appear that the title to real property shall
come in question in a proceeding of this character, the mag-
istrate is not deprived of jurisdiction to inquire and de-
termine whether or not the relation of landlord and tenant
exists, and to issue his writ if, upon such inquiry, he finds
as a fact that that relation did exist, and that the tenant has
failed to pay his rent, or has held over after the expiration
of his rent contract.

The overwhelming weight of the evidence introduced be-
fore the magistrate sustains the finding of the magistrate,
and in view of the principles announced in the cases above
mentioned I am bound to hold that the conventional relation
of landlord and tenant did exist between plaintiff and de-
fendant, and that defendant had, at the time of the institu-
tion of this proceeding, failed to pay his rent and had held
over after the expiration of his rent contract.

It is therefore ordered that the appeal of the defendant be
and it is hereby dismissed, and the judgment of the mag-
istrate is affirmed.

*Mr. P. H. McEachin,* for appellant, cites: *Magistrates
have no jurisdiction where the title to real estate is in ques-
tion:* Sec. 21, Art. 5, Const., 1895; 10 S. C., 301; 24 S. C.,
507; 32 S. C., 146. *"Equitable owner" cannot be ejected
in summary proceedings:* 81 S. E., 461; 48 S. E., 183.
*Cases distinguished:* 121 S. E., 374; 128 S. E., 718. *Re-*

*spondent admitted in case at bar that title to real estate was in question:* 106 S. C., 227.

*Messrs. Willcox & Hardie,* for respondent, cite: *Ejectment proceedings are applicable only where relationship of landlord and tenant exists:* 127 S. C., 451. *Questions of fact for magistrate:* 132 S. C., 130. *Finding of fact by magistrate affirmed by Circuit Judge will not be disturbed if any evidence to support it:* 73 S. C., 83; 78 S. C., 35; 91 S. C., 5; 122 S. C., 357. *Cases distinguished:* 48 S. C., 183. *Written contract of sale may be rescinded and rent contract substituted, even by parol:* 81 S. C., 461; Rice's Eq., 108; 79 S. C., 141.

August 30, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The order of his Honor, Judge Shipp, appealed from, is entirely satisfactory to this Court, and, for the reasons given, it is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.